**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VIRGILIO SOLIS BARBOZA,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-2912** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN OF PIKE COUNTY CORRECTIONAL FACILITY,** | : | |
| | : | |
| **Respondent** | : | |

# MEMORANDUM

Pending before the Court is Virgilio Solis Barboza's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **GRANTED** insofar as it requests a bond hearing before an immigration judge.

## I. BACKGROUND

Petitioner is a citizen and national of Costa Rica. (Doc. 8-2 at 5). Petitioner entered the United States on an unknown date and location without admission or parole. *Id.* at 7. However, Petitioner claims to have resided in the United States for twenty-three years, meaning he would have entered the country in or around 2003. (Doc. 1 at 8).

On April 24, 2021, Petitioner was arrested by the Pennsylvania State Police on DUI charges. (Doc. 8-2 at 7). On September 15, 2021, Petitioner

was convicted of DUI and sentenced to ten days of confinement and six months of probation. *Id.* On August 22, 2026, Petitioner was stopped by the Salem Township Police Department during a traffic stop for oversized tires, and the police contacted U.S. Immigration and Customs Enforcement ("ICE") officials regarding the traffic stop. *Id.* at 6. That same day, ICE officials conducted a records check, determined Petitioner's status was a removable alien, and issued a Warrant for Arrest. *Id.* Petitioner was taken into ICE custody. *Id.* Also on August 22, 2026, ICE issued Petitioner a Notice to Appear charging Petitioner as removable under §212 (a)(6)(A)(i) and §212 (a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (Doc. 8-3 at 6).

On October 13, 2026, ICE issued Petitioner a Notice of Custody Determination. (Doc. 8-4 at 2). On October 14, 2026, Petitioner requested that an immigration judge review his custody determination. *Id.*

Petitioner filed the instant petition on September 30, 2026. (Doc. 1). Respondent filed a response to the petition on October 15, 2026. (Doc. 8). Petitioner filed a traverse on October 29, 2026, with a request for prompt custody review. (Doc. 9). Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the

authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii). Section 1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the

execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g) divests the court of jurisdiction "only to [these] three discrete actions").

Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach 'claims that are independent of, or wholly collateral to, the removal process'").

Section 1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, No. 3:25-cv-2185, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("[S]ection 1252(a)(2)(B)(ii) is inapposite because the Respondents' statutory detention power is not a

matter of discretion to which §1252(a)(2)(B)(ii) applies.") (internal citations and quotation marks omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, No. 3:25-cv-02452, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, No. 2:25-cv-05555-JDW, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Respondent acknowledges that Petitioner requested a bond hearing before an immigration judge. (Doc. 8 at 7); *see also* (Doc. 8-4 at 2). Despite this request, "[i]mmigration officials have not yet scheduled a bond hearing." (Doc. 8 at 3). Respondent argues that "[o]nce that hearing occurs, if he contests the outcome, [Petitioner] will be able to appeal to the BIA" and that "[t]his Court should require him to comply with federal regulations by exhausting this process rather than grant release." *Id.* at 7. In other words, Respondent argues that Petitioner's request

for relief is premature because Respondent has not yet scheduled Petitioner's bond hearing. Yet, Respondent's exhaustion argument fails to acknowledge the Court's discretion to apply the administrative remedy doctrine in habeas proceedings and is dubious given that Petitioner is detained under 8 U.S.C. §1226(a), (Doc. 8 at 1), which *entitles* him to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). In exercising its discretion, this Court will analyze the merits of Petitioner's wrongful detention claim.

**c. 8 U.S.C. §1226(a) applies to Petitioner**

Respondent claims that Petitioner's detention is discretionary pursuant to 8 U.S.C. §1226(a). (Doc. 8 at 1). Section 1226(a) allows the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson*, 594 U.S. at 527; *see also Borbot v. Warden*

*Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

"Federal regulations provide that aliens detained under §1226(a) receive bond hearings **at the outset of detention**." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§236.1(d)(1), 1236.1(d)(1)) (emphasis added). Here, Petitioner has been detained since August 22, 2026, (Doc. 8-2 at 6), and still has not received a bond hearing, (Doc. 8 at 3).

The Fifth Amendment protects against deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The Government has a responsibility to ensure that citizens and non-citizens alike are afforded due process. Petitioner has requested a bond hearing to which he is entitled under §1226(a) detention. Accordingly, the Court will order Respondent to provide Petitioner with a §1226 bond hearing. The Court reminds the Government of

its duty and responsibility to afford due process rights to §1226(a) detainees **at the outset** of their detention.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** insofar as it requests a bond hearing before an immigration judge. The Government will be required to provide Petitioner with a bond hearing under 8 U.S.C. §1226 within fourteen (14) days of the Court's accompanying order. The Government will also be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746 confirming that Petitioner received a bond hearing in accordance with this Memorandum. An appropriate order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 11/5/26
26-2912-01